IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT L. ZIMMERMAN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HENRY A. PAULSEN and )<br>CHARLOTTE J. PAULSEN, )<br>)<br>Defendants. ) | Case No. 07 CV 2535<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Scott Zimmerman, Delta Capital Partners, Spiga, Ltd., Target Growth Fund, Ltd., Next Level Capital Investment, Shawn Sedaghat, Norman Tulchin, and Milton and Rosemary Okun (collectively "Plaintiffs") filed this action, premised on diversity jurisdiction, against Henry Paulsen ("Defendant Paulsen") and Charlotte Paulsen (collectively "Defendants") seeking to void an alleged fraudulent transfer of property under the Illinois Uniform Fraudulent Transfer Act ("IUFTA"), 740 ILCS §160/5 *et seq.* Defendants have moved to dismiss Count II of the Complaint pursuant Federal Rules of Civil Procedure 12(b)(6) and Rule 9(b), or in the alternative for a more definitive statement pursuant to Rule 12(e). (R. 19.) Defendants also move to strike Plaintiffs' request for attorneys fees and punitive damages contained in the Complaint. (*Id.*) For the reasons stated below, the motion to dismiss is granted without prejudice.

### RELEVANT FACTS

On September 15, 2003, the Plaintiffs obtained default judgments against Defendant Paulsen in the Superior Court of Los Angeles County, California, totaling approximately $3.5

1

million. (R. 1, Compl. ¶¶ 1-8, 17). The judgments arose out of securities fraud claims raised by Plaintiffs against Defendant Paulsen in connection with the sale of securities issued by eNucleus, Inc. ("eNucleus"). (*Id.* ¶¶ 14-15.) The action, entitled *Zimmerman, et al. v. Roth Capital Partners, et al.*, was filed on May 10, 2002. (*Id.* ¶ 15.) On October 1, 2002, Defendant Paulsen was personally served with summons and complaint at his home in suburban Chicago. (*Id.* ¶ 16.) He failed to file an answer, and on November 8, 2002, the court entered a default against him. (*Id.*) On May 30, 2003, Defendant Paulsen appeared generally and moved to vacate the default. (*Id.*) This request was denied, and on September 15, 2003, the court entered judgments against Defendant Paulsen and in favor of Plaintiffs. (*Id.* ¶ 17.) To date, the judgments have not been satisfied. (*Id.* ¶ 18.)

On May 8, 2003, Defendant Paulsen recorded a quit-claim deed conveying a property located in Palos Heights, Illinois ("Palos Heights property"), to his wife, Defendant Charlotte Paulsen. (*Id.* ¶¶ 19-20.) Plaintiffs allege that no consideration was paid for this conveyance. (*Id.* ¶ 20.) At the same time as the conveyance, Defendant Charlotte Paulsen executed a note secured by a mortgage on the Palos Heights property and received cash proceeds believed to be in excess of $350,000. (*Id.* ¶ 21.)

## PROCEDURAL HISTORY

On May 7, 2007, Plaintiffs filed this action against Defendants under the IUFTA seeking to void the conveyance of the Palos Heights property. In Count I, they allege Defendants acted with actual intent to hinder and/or defraud their creditors in violation of 740 ILCS § 160/5(a)(1). (R. 1, Compl. ¶¶ 22-25.) In Count II they allege that in conveying the property Defendant Paulsen intended to incur debts beyond his ability to pay in violation of § 160/5(a)(2). (*Id.* ¶¶ 26-

29.) In Count III they allege Defendant Paulsen was insolvent at the time of transfer or became insolvent as a result of the transfer in violation of § 160/6(a). (*Id.* ¶¶ 30-33.) In Count IV they seek imposition of a constructive trust and injunction requiring Defendants to turn over the proceeds of the mortgage placed on the Palos Heights property. (*Id.* ¶¶ 34-37.)

Defendants have moved to dismiss Count II of the Complaint, or in the alternative for a more definite statement, arguing that Plaintiffs fail to state a claim upon which relief can be granted pursuant to Rule 12(b) and have not pled fraud with the particularity required by Rule 9(b). (R. 19, Defs.' Mot. at 3-5.) Additionally, they seek to strike Plaintiffs' requests for attorneys fees and punitive damages, arguing that there is no basis in the IUFTA for such relief. (*Id.* at 1-3.)

## LEGAL STANDARDS

In determining whether to grant a motion to dismiss, the Court assumes all well-pleaded allegations in the complaint to be true and draws all reasonable inferences in the Plaintiffs' favor. *Christensen v. County of Boone, Illinois*, 483 F.3d 454, 457 (7th Cir. 2007). Detailed factual allegations are not necessary, but merely reciting the elements of a cause of action is insufficient to state a claim. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. . . a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *see also Killingsworth v. HSBC Bank Nevada, N.A.*, ---F.3d---, 2007 WL 3307084, at *3 (7th Cir. Nov. 9, 2007) (observing that Supreme Court in *Bell Atlantic* "retooled federal pleading standards" such that a complaint must now contain "enough facts to state a

claim to relief that is plausible on its face.").

In cases involving fraud or mistake, Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). In essence, Rule 9(b) requires the plaintiff to plead the "who, what, when, where, and how" of the fraud. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1996).

## ANALYSIS

The IUFTA "protects against two kinds of fraudulent transfers: transfers with an actual intent to defraud and transfers which the law considers fraudulent (i.e., constructive fraud or fraud in law)." *Gen. Elec. Capital Corp.*, 128 F.3d at 1078. In their Complaint, Plaintiffs allege both types of fraud. Count II, brought under Section 5(a)(2), is premised on a constructive fraud theory. 740 ILCS 160/5(a)(2); *see also In re Joy Recovery Tech. Corp.*, 257 B.R. 253 (N.D.Ill. 2001) ("Section 5(a)(2) [of the IUFTA]. . . does not require proof of fraudulent intent. . . because of its nature, the conveyance is deemed constructively fraudulent.")

Section 5(a)(2) provides that a transfer may be voided if the debtor transferred the property without receiving adequate consideration and "was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction." 740 ILCS 60/5(a)(2). Under this Section a presumption of fraud arises if Plaintiff can prove: 1) the debtor made a voluntary transfer; 2) at the time of the transfer, the debtor had incurred obligations elsewhere; 3) the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer; and 4) after the transfer the debtor failed to retain sufficient property to pay the indebtedness. *Gen. Elec. Capital Corp.*, 128

4

F.3d at 1079.

Here, Plaintiffs have adequately alleged that Defendant Paulsen made a voluntary transfer of the Palos Heights property to his wife; that at the time of the transfer he had incurred obligations elsewhere; and that he made the transfer without receiving adequate consideration. However, Plaintiffs have failed to adequately allege their claim that Defendant Paulsen retained insufficient assets to pay his debts, instead simply reiterating the statutory language. (R. 1, Compl. ¶ 28) (alleging that at the time of the conveyance, "Henry Paulsen was engaged, or was about to engage, in business or a transaction for which the remaining assets of Henry Paulsen were unreasonably small in relation to the business or transaction.") Merely reciting the elements of a cause of action is not sufficient. *Bell Atlantic*, 127 S. Ct. at 1964-65.

Plaintiffs argue that their Complaint is adequate because it comports with Form 13[1] contained in the Federal Rules of Civil Procedure Appendix of Forms for a "Claim for Debt and to Set Aside Fraudulent Conveyances Under Rule 18(b)." (R. 26, Pls.' Opp. to Defs.' Mot. at 7-8.) The Court finds this argument unpersuasive, however, because Form 13 is for claims alleging intentional fraud, whereas in Count II Plaintiffs are alleging constructive fraud. As stated above, their claim falls short because they have not alleged any grounds showing that Defendant Paulsen failed to retain adequate assets to pay his debts in violation of Section 5(a)(2). Accordingly, Count II is dismissed without prejudice.

Finally, Plaintiffs do not contest Defendants' request to strike their demand for attorneys

---

[1] Amendments have been proposed to Form 13 which will take effect December 1, 2007, absent contrary congressional action. The form, with its amendments, will be redesignated as Form 21.

5

fees and punitive damages.[2] (R. 26, Pls.' Opp. to Defs.' Mot. at 5 & n.1.) Accordingly, these requests are stricken.

## CONCLUSION

For the foregoing reasons, Defendants' motion to strike and dismiss or for a more definite statement (R. 19) is granted. The Complaint is dismissed without prejudice to the filing of an Amended Complaint within 30 days that comports with the terms of this order.

Entered: _____
Judge Ruben Castillo
United States District Court

**Dated: November 19, 2007**

---

[2] Plaintiffs assert that they have not requested punitive damages. (R. 26, Pls.' Opp. to Defs.' Mot. at 1 & n.1). However, the Complaint includes the following prayer for relief: "An award of punitive damages jointly and severally against defendants Henry and Charlotte Paulsen in an amount to be determined at trial and sufficient to punish the Paulsens and deter them and others from similar wrongful conduct." (R. 1, Compl. at 10.)